IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 107-021 |
| | ) | |
| MICHAEL SAMUEL JOHNSON | ) | |

**ORDER**

Defendant Michael Samuel Johnson has filed a preliminary motion to suppress in which he generally argues that a search warrant for the curtilage and residence located at 2119-A Wrens Highway in Thomson, Georgia, was improperly obtained and that the execution of this warrant was also improper. (Doc. no. 20). Defendant also requests that the Court hold an evidentiary hearing on the motion.

The decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted).

A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United

States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)). However, a district court is not compelled to grant an evidentiary hearing when a defendant promises to allege at a hearing what he has failed to allege in his motion papers. Cooper, 203 F.3d at 1285. Thus, the burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. Lewis, 40 F.3d at 1332. This Court has a Local Rule that addresses the proper means by which to allege those facts:

> Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

Loc. Crim. R. 12.1.

Here, Defendant has not provided the necessary evidentiary detail to support any type of claim for suppression. In sum, the motion to suppress, filed without an affidavit in support from Defendant and without any specific argument to support the request for suppression, does not satisfy Defendant's burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists.

Accordingly, the Court finds no reason to schedule this matter for a hearing unless and until Defendant files an appropriate affidavit and/or specific arguments in support of the motion to suppress. If Defendant intends to particularize his motion, he should do so no later than **ten (10) calendar days** from the date of this Order. The supporting affidavit should set forth the specific factual allegations upon which Defendant bases his contention that his rights were violated, and if the alleged violations involved a search, that he had a legitimate

2

expectation of privacy in the property searched. Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980) (citing Rakas v. Illinois, 439 U.S. 128, 131 n.1 (1978)). To establish a legitimate expectation of privacy, "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable," that is, recognized and permitted by society. Minnesota v. Carter, 525 U.S. 83, 88 (1998). Subsequent to this ten-day period, should Defendant desire to file a particularized motion, he must adequately explain his failure to timely file same.

SO ORDERED this 25th day of April, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

        vs.     *     CASE NO. 1:07-cr-21

MICHAEL SAMUEL JOHNSON     *
                                    *
                                    *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order _____ dated 4/25/07 _____, which is part of the official records of this case.

Date of Mailing: 4/25/07
Date of Certificate: 4/25/07

SCOTT L. POFF, CLERK

By: _L. Debrden_

NAME:
1. Michael Samuel Johnson
2. Jacque Hawk
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds